IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBISON HALL,<br>　　　　　Petitioner, | )<br>)<br>) |
| vs. | ) Civil Action No. 09-203E<br>) Judge Sean McLaughlin / |
| MR. SOBINA; THE DISTRICT<br>ATTORNEY OF THE COUNTY OF ERIE;<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PA.,<br>　　　　　Respondents. | ) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Petition for Habeas Corpus (the "Petition") brought pursuant to 28 U.S.C. § 2254 be denied. A certificate of appealability likewise should be denied.

**II. REPORT**

Robison Hall, ("Petitioner) was, at the time of the filing of this Petition, serving sentences imposed by Courts of Common Pleas of various counties in the Commonwealth of Pennsylvania. In the Petition, Petitioner claims that his sentences are being miscalculated and that he is entitled to 283 days of credit which the Department of Corrections ("DOC") has refused to give him. Petitioner bases his claim to the 283 days of credit upon an Order and Court Commitment dated July 31, 1998 of the Court of Common Pleas of Erie County ("the Sentencing Court") which indicated that he was entitled to such credit ("the July 31, 1998 Court Commitment"). ECF No. 1 at 6; ECF No. 5-2 at 5 to 11. The July 31, 1998 Court Commitment was later amended on January 4, 1999 ("the January 4, 1999 Amended Court Commitment"), to indicate that Petitioner was not entitled to any such credit. ECF No. 5-2 at 13 to 25. Petitioner did not appeal the

January 4, 1999 Amended Court Commitment to the Pennsylvania Superior Court. We find that the claim that Petitioner is entitled to 283 days of credit to have been procedurally defaulted because he did not appeal the Amended Court Commitment. Alternatively, we find the claim to be time-barred and/or meritless.

### A. PROCEDURAL HISTORY

Petitioner filed the Petition on August 11, 2009. ECF No. 1. The Respondents, represented by the Office of the Attorney General of the Commonwealth of Pennsylvania, filed the Answer, with attached exhibits, arguing that the Petition is time-barred, unexhausted and meritless. ECF No. 5. Petitioner filed his Traverse on October 20, 2009. ECF No. 6. The case was referred to the undersigned on June 21, 2011. ECF No. 8.

### B. DISCUSSION

#### 1. THE PETITION IS PROCEDURALLY DEFAULTED.

On July 31, 1998, Petitioner was sentenced by Judge Fred Anthony of the Sentencing Court at the Court of Common Pleas Docket No. 2747 of 1997. As to Count 1, Theft of Services, the sentence was 3½ years to 7 years. The sentence was to run concurrent with any existing sentence. As to Count 2, Petitioner was sentenced to 3½ to 7 years, concurrent to Count 1. As to Count 3, Petitioner was sentenced to 2 to 4 years, concurrent to Count 1. In addition, as to Counts 4, 21, 22, 23 and 24, Plaintiff was sentenced to periods of probation. ECF No. 5-2 at 5 to 11. The effective date of the foregoing sentences is unclear on the face of the order. On page 5 of the July 31, 1998 Court Commitment, ECF No. 5-2 at 5, a handwritten notation indicates that the sentence at Count 1 is "effective today" (i.e., July 31, 1998); however, the typewritten or computer generated portion at page 6 indicates an effective date of October 21,

2

1997, which is a difference of 283 days, the exact amount of time Petitioner seeks to have credited against his sentence calculation by DOC.

However, Judge Anthony later clarified, through the issuance of the January 4, 1999 Amended Court Commitment, his intention that the sentence was to be effective on July 31, 1998. ECF No. 5-2 at 13 to 19. Specifically, at page 13, the Sentencing Court noted that Petitioner was to be given "no credit" against his sentence and the effective date of the sentence was July 31, 1998. ECF No. 5-2 at 13.

We take judicial notice of the fact that Petitioner did not appeal from the January 4, 1999 Amended Court Commitment.[1] We find that his failure to file an appeal constitutes a procedural default of his claim that the Sentencing Court was without jurisdiction to issue the January 4, 1999 Amended Court Commitment. See, e.g., Petition, ECF No. 1 at 5 ("And the [Sentencing] Court can not take back time credited, after its 30 day time limit is in effect. Once the 30 day [limit] has pass [sic] the court cannot create or alter its time credit to fit the institutional error."). Because Petitioner did not appeal from the January 4, 1999 Amended Court Commitment, he has procedurally defaulted his claim herein that the Sentencing Court was without jurisdiction to amend or correct its July 31, 1998 Court Commitment. Although Petitioner did file a post-sentence motion in response to the January 4, 1999 Amended Court Commitment, the Sentencing Court denied that post-sentence motion and Petitioner did not appeal from that order either,

---

[1] The Court takes judicial notice of the criminal docket in Petitioner's case which is available at: http://ujsportal.pacourts.us/docketsheets/CPReport.aspx?docketNumber=CP-25-CR-0002747-1997

3

which would constitute another procedural default of the claim.[2] Nor do we find there is cause and prejudice or a miscarriage of justice in order to excuse such procedural default. Accordingly, Petitioner's claim that he is entitled to the 283 days of credit, dependent, as it is, upon establishing the erroneousness of the Sentencing Court's entrance of the January 4, 1999 Amended Court Commitment is procedurally defaulted and must be dismissed as such.

   2. **THE PETITION IS TIME-BARRED.**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") enacted a one year statute of limitations for the filing of Section 2254 habeas petitions attacking state sentences and/or convictions. In pertinent part, that statute provides as follows:

(d)(1) ….The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     ….
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

---

[2] While it is true that Petitioner filed a Post Conviction Relief Act ("PCRA") petition, and we do not have that PCRA petition before us, even if Petitioner had somehow raised the claim therein that he now raises herein, the claim would have been procedurally defaulted because Petitioner's appeal to the Superior Court from the PCRA Court's denial of relief was dismissed due to Petitioner failing to file a brief. Commonwealth v. Hall, No. 729 WDA 1999 (Pa.Super. order of dismissal filed 1/25/2002) available at :

http://ujsportal.pacourts.us/DocketSheets/SuperiorCourtReport.aspx?docketNumber=729 WDA 1999

Hence, even if Petitioner raised the claim in the PCRA petition and the appeal, the issue was procedurally defaulted due to Petitioner's failure to file a brief in the Superior Court. See, e.g., Mullins v. Roxum, Civ.A. No. 11-2504, 2011 WL 6812897 at *7 (E.D. Pa. Nov. 14, 2011) ("habeas claims were procedurally defaulted where direct appeal was dismissed for failure to file a brief") (citing Frey v. Stowitzky, No. 06–4490, 2007 WL 1574768, at *2 (E.D.Pa. May 31, 2007)).

4

exercise of due diligence.

28 U.S.C. §2244.

The Respondents assert that the Petition is time-barred. They point out that Petitioner knew no later than on January 14, 2003 that the DOC was not giving Petitioner the 283 days of credit to which he claimed entitlement and that January 14, 2003 constituted the "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" within the meaning of 28 U.S.C. § 2244(d). We agree.

Whether one counts the running of the statute of limitations from the date of the factual predicate as did the Respondents, or whether one counts from the date that the judgment of conviction became final, the Petition is clearly time-barred. As for the calculation of the statute of limitations from the date of the factual predicate could have been discovered, we agree with the calculation of the Respondents. Petitioner could have discovered the factual predicate of his current claim as of January 14, 2003 or there about and so he had to file the instant Petition within one year thereof. Petitioner did not do so and hence, the Petition is time barred.

As to the calculation of the statute of limitations from the date the judgment of conviction became final, we find the following. Petitioner's conviction became final, at the latest, thirty days after the Sentencing Court denied Petitioner's post-sentence motion, attacking the January 4, 1999 Amended Court Commitment, when he failed to file an appeal of the Sentencing Court's order denying the post-sentence motion to the Superior Court. Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999); Woolfolk v. Mechling, No. Civ.A. 02-7211, 2003 WL 22837608, at *4 (E.D. Pa. Nov. 25, 2003)("Direct review of Petitioner's conviction ended on November 20, 1998, since Petitioner did not appeal

his guilty plea within thirty days of the sentencing."). The Sentencing Court denied the post-sentence motion on January 21, 1999 and thirty days later is February 20, 1999. Hence, the conviction became final on February 20, 1999. Petitioner did not file his PCRA petition until on or about March 1, 1999. The running of the AEDPA statute of limitations is tolled during the pendency of the PCRA petition. Hence, from February 20, 1999 until February 28, 1999 (i.e., the day before March 1, 1999, when the PCRA petition was filed and when the AEDPA statute of limitations stopped running), eight days of the AEDPA limitations period were used up. The PCRA petition ceased to be pending as of February 25, 2002, which is thirty days after the Superior Court dismissed his appeal from the PCRA court's denial of his PCRA petition, where Petitioner failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000) (the one year limitation period continues to be tolled during the period permitted by state law for the taking of a timely appeal from the denial of post-conviction relief even if no appeal is taken). Pursuant to the Prisoner Mail Box rule, Petitioner did not file his current habeas petition until, at the earliest, August 6, 2009, the date whereon he signed his Petition, which is more than seven years after the PCRA petition ceased to be pending. Hence, his Petition is time barred under this analysis as well.[3]

Because the Petition is time barred it should be dismissed as such.

### 3. THE PETITION IS MERITLESS.

The Petition is meritless because Petitioner's entire argument is premised on the contention that the Sentencing Court lacked jurisdiction to alter or amend the July 31, 1998 Court

---

[3] In his Traverse, Petitioner did not argue for any other starting date of AEDPA's statute of limitations or otherwise argue for any further tolling. See, e.g., ECF No. 6 at 1 to 2, ¶ 4.

Commitment more than thirty days after the July 31, 1998 Court Commitment was entered on the docket. Petitioner is mistaken. Pennsylvania state law permits amendment even beyond thirty days after a Court Commitment has been entered on the docket in order to, *inter alia*, correct patent defects. Instantly, the ambiguity created in the July 31, 1998 Court Commitment that indicated two effective dates for Petitioner's sentence, i.e., July 31, 1998 and October 21, 1997, constituted such a patent defect so as to permit amendment even beyond the thirty days. ECF No. 5-2 at 5 ("effective today" which was July 31, 1998) & id. at 6 ("EFFECTIVE 10/21/97").

Petitioner's claim that the January 4, 1999 Amended Court Commitment is an invalid order is simply wrong as a matter of Pennsylvania law. As a general rule, a Pennsylvania court of common pleas lacks jurisdiction to change a sentence more than 30 days after the sentence is entered on the docket. See 42 Pa.C.S.A. § 5505.[4] However, there is an exception to that rule. As the Superior Court explained:

> Generally, once the thirty-day period is over, the trial court loses the power to alter its orders. When an appeal is taken, the trial court has no jurisdiction to modify its sentence. Id. We note, however, that the time constraint imposed by section 5505 does not affect the inherent powers of the court to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record. Therefore, where the mistake is patent and obvious, the court has the power to correct it even though the 30-day appeal period has expired.

Commonwealth v. Walters, 814 A.2d 253, 256 (Pa.Super. 2002).

Instantly, the rule announced in Walters applies here. As the Respondents point out

---

[4] 42 Pa.C.S.A. § 5505 provides as follows:
Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

7

there is a patent and obvious mistake in the July 31, 1998 Court Commitment. The Respondents point out that:

> The handwritten portion of the original sentencing order states that the sentence of 3 ½ - 7 years at count 1 is "*effective* today." See Exhibit H, p. 5. Moreover, that page of Exhibit H shows in the top margin that it was faxed from the "ERIE CO CLERK OF COURTS" on "JUL-31-1998 1:59" from number "814-451-6420." It is respectfully submitted that this handwritten page indicates that the intention of the Court on the actual day of sentencing (i.e. July 31, 1998) was to make the sentence effective on that date.
>     41. Nevertheless, petitioner is correct in asserting that the following page (i.e., p. 6) of the order—the page petitioner attached to his petition—contradicts the handwritten page cited above. Page 6—which is either typewritten or computer generated—does indicate that petitioner was to receive "283 DAYS CREDIT" and that his sentence was to be "EFFECTIVE 10/21/97." See Exhibit H, p. 6. Based on solely on this page of the original order, petitioner claims that the court's intention was to make the sentence effective on that date.

ECF No. 5 at 10 to 11, ¶¶ 40 to 41. The January 4, 1999 Amended Court Commitment clearly was permitted under the Walters rule because "the mistake is patent and obvious" within the meaning of Walters. Hence, the Sentencing Court was within its rights to amend its prior order so as to make clear that Petitioner was not entitled to the 283 days of credit. DOC was clearly correct to obey such an order by calculating Petitioner's sentences so as to exclude the 283 day credit that Petitioner claims entitlement to. Accordingly, there is no merit to Petitioner's claim that he is entitled to 283 days of credit.

    Accordingly for any or all of the foregoing reasons, the Petition should be dismissed.

## 4. CERTIFICATE OF APPEALABILITY

    As jurists of reason would not find the forgoing debatable, a certificate of

appealability should be denied. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000).

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                    s/Maureen P. Kelly
                    MAUREEN P. KELLY
                    U.S. MAGISTRATE JUDGE

Dated: March 5, 2012

cc: The Honorable Sean McLaughlin
     United States District Judge

     ROBISON HALL
     GN 6384
     SCI ALBION
     10745 RT 18
     ALBION, PA 16475

     All counsel of record via CM-ECF